## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KAREN ROBERTS MIXON** | * | **CIVIL ACTION 2:20-CV-01216** |
| **And LINDSEY ELAINA MIXON** | * | |
| | * | |
| **VERSUS** | * | **SECTION E (1)** |
| | * | |
| **JAMES PUHLMANN, in his official** | * | **JUDGE: SUSIE MORGAN** |
| **Capacity as Sheriff of ST. BERNARD** | * | |
| **PARISH SHERIFF'S OFFICE and** | * | **MAG: JANIS van MEERVELD** |
| **JOHN DOE** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>JOINT PRE-TRIAL ORDER</u>

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, Karen Roberts Mixon and Lindsey Elaina Mixon ("Plaintiffs"), and Defendants, James Pohlmann, in his official capacity as Sheriff of St. Bernard Parish Sheriff's Office; St. Bernard Parish Sheriff's Office and John Doe ("Defendants"), who submit the following pre-trial memorandum in the above captioned matter:

1.

The Pre-Trial Conference is scheduled in this matter for July 6, 2022, at 10:00 a.m.

2.

The following counsel appeared:

> **George B. Recile, L.B.N. 11414**
> **Anna M. Singleton, L.B.N. 40050**
> One Galleria Boulevard, Suite 1100
> Metairie, Louisiana   70001
> Telephone: (504) 833-5600
> Facsimile: (504) 437-1650
> gbr@chehardy.com
> *Attorneys for Plaintiffs*

1

**Mary Ann Hand, #1401**
**Salvador E. Gutierrez, Jr., #6380**
Gutierrez & Hand
2137 Jackson Boulevard
Chalmette, Louisiana 70043
gutierrezhand@bellsouth.net
*Counsel for Defendants*

3.

**Description of the Parties:**

**A. Plaintiffs:**

Karen Roberts Mixon is the surviving spouse of the decedent, Edward Mixon, Jr. Lindsey Elana Mixon is the daughter of the decedent Edward Mixon Jr.

**B. Defendants:**

At the time of the incident sued upon, Sheriff James Pohlmann was the duly elected Sheriff of the Parish of St. Bernard. Sheriff Pohlmann is sued by the plaintiffs in his official capacity only.

The St. Bernard Parish Sheriff's Office has been sued by the plaintiffs as a defendant, but the St. Bernard Parish Sheriff's Office is not a legal entity capable of being sued. The defendants have filed a Motion for Summary Judgment seeking to dismiss the plaintiff's claims against the St. Bernard Parish Sheriff's Office as it is not a separate legal entity that is capable of being sued. (Doc. 91).

4.

**Jurisdiction:**

**A. Plaintiffs:**

This action arises under the Constitution of the United States of America, particularly the 8th and 14 amendments: 42 U.S.C. §1983 and §1988. This Court has original jurisdiction over

federal questions under 28 U.S.C. §1331. Edward Mixon had a clearly established right under the Eight and Fourteenth Amendments to be free from deliberate indifference to his serious medical needs while incarcerated. By denying Edward Mixon medical care for his chronic health conditions and acute withdrawal from his known daily use of heroin, the Defendants caused Mr. Mixon unnecessary pain and suffering and eventual untimely death. The Sheriff is the policymaker, the *de facto* policy of the St. Bernard Parish Sheriff's Office and to withhold adequate medical care is clearly established as the moving force behind the constitutional violation of failing to provide Mr. Mixon with essential medical care in violation of his constitutional rights.

James Pohlmann, in his official capacity as Sheriff of St. Bernard Parish, and the St. Bernard Sheriff's Office are further liable to the plaintiff under 42 U.S.C. § 1983 for their deliberately indifferent policies, practices, habits, customs and widespread usages with respect to the serious medical needs of inmates, including Edward Mark Mixon, Jr., and for their deliberately indifferent failures in training and supervising their employees. There is a clear pattern at the St. Bernard Parish Prison of providing grossly inadequate healthcare to chronically ill inmates. This established custom has existed prior to contracting with the healthcare company Correct Health and continues to exist. Defendants cannot delegate their duty under § 1983 to absolve themselves of liability for their inadequate oversight, policies and monitoring of the treatment of chronically ill inmates causing them to unnecessarily suffer. Further, there is no legitimate government interest for withholding adequate medical care in violation of Mr. Mixon and others constitutional rights to receive essential medical care while incarcerated. Further, the policies of the St. Bernard Parish Sheriff's Office are grossly inadequate in the training (or lack thereof) of jail staff and in delegating to Correct Health the training of jail employees.

Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(2) because the events or

omissions giving rise to these claims occurred in this judicial district.

**B. Defendants:**

The defendants contest the jurisdiction of this Court on the basis that none of the claims alleged by the plaintiffs rise to the level of a constitutional tort.  Sheriff James Pohlmann is sued in his official capacity only.  Sheriff James Pohlmann has filed a Motion for Summary Judgment asserting that Sheriff James Pohlmann was not the policymaker as to medical treatment provided to Edward Mixon; further, plaintiffs have failed to establish any policy of Sheriff Pohlmann that was the moving force of a violation of the plaintiffs' constitutional rights.

5.

**Pending Motions:**

Plaintiffs have a Motion for an Adverse Evidentiary Presumption due to the Defendants Destruction of the Evidence and for Sanctions, which has been opposed by the defendants, that is set for oral argument and submission on July 6, 2022, before Judge Van Meerveld. Defendants have a Motion for Summary Judgment set for submission on July 6, 2022, which Plaintiffs have opposed.

6.

**Summary of Material Facts:**

**A. Plaintiffs:**

1. On October 24, 2019, Edward Mark Mixon, Jr. was arrested by deputies and taken into custody in the St. Bernard Parish Jail ("SBPJ").

2. Mr. Mixon was a known heroin user in St. Bernard Parish.

3. Prior to his arrest and incarceration, Mr. Mixon had been diagnosed with several life-threatening medical conditions, including Chronic Obstructive Pulmonary Disease

4

("COPD"), Atrial Fibrillation ("AFib"), high blood pressure, and cardiological problems.

4.  Mr. Mixon was receiving treatment for those conditions. As part of that treatment, he had been prescribed medication. Mr. Mixon conveyed these medical conditions on his intake sheet.

5.  In addition to aforementioned medical conditions, Mr. Mixon, at the time of his arrest and incarceration, also was suffering from an opioid addiction.  Again, Mr. Mixon relayed this information during his medical screening upon entry to the prison. This information was documented on his intake sheet.

6.  Edward Mark Mixon, Jr.'s medical condition rapidly and obviously deteriorated while he was in the defendants' custody.

7.  The defendants were aware of some or all of Edward Mark Mixon, Jr.'s medical needs and observed his deteriorating physical condition. Nevertheless, they refused or neglected to provide him with appropriate medical care and instead rendered inappropriate care.

8.  The defendants refused or neglected to transport Edward Mark Mixon, Jr. to a hospital or other medical facility, even though St. Bernard Parish Jail did not have the medical staff or facilities to appropriately treat him.

9.  Defendants allowed Edward Mark Mixon, Jr. to remain in general population rather than transport him to a hospital. While remaining in general population, Mr. Mixon's condition continued to deteriorate.

10. Edward Mark Mixon, Jr. exhibited signs and symptoms consistent with his prior diagnosis and was in acute withdrawal from heroin.

11. Mr. Mixon was not given any medications to treat his chronic conditions for the first two days of his incarceration.

12. Mr. Mixon was not given any medications to treat his acute withdrawal symptoms until the evening of October 27, 2019.

13. Mr. Mixon was never seen by a physician during the entirety of his incarceration.

14. On Monday, October 28, 2019, just five days after his arrest, Edward Mark Mixon, Jr. died in the St. Bernard Parish Prison.

15. Mr. Mixon told his wife in a recorded phone conversation and another inmate pursuant to a recorded interview taken after Mr. Mixon's death that he requested medications to assist in his detox and he was refused.

16. Sheriff Pohlmann, not Correct Health is the policymaker of the St. Bernard Parish Prison.

17. St. Bernard Parish Sheriff's Office Policies and Procedures mandate that the healthcare authority provide the appropriate levels of health care and inmate access to health care services.

18. St. Bernard Parish Sheriff's Office Policies and Procedures mandate that the health care authority and the Sheriff's Office staff meet on a weekly basis to discuss the healthcare delivery services provided to inmates at the St. Bernard Parish Prison.

**B. Defendants:**

On October 24, 2019, Edward Mixon was arrested by deputies of the St. Bernard Parish Sheriff's Office and charged with possession of Schedule I narcotics (Heroin), improper turning without a signal, and violation of probation.

Edward Mixon was detained in the St. Bernard Parish Prison from October 24, 2019, until October 28, 2019, when he died in the prison. Plaintiff's Death Certificate indicates that he died a natural death with the immediate cause of death being cardiorespiratory arrest due atherosclerotic cardiovascular disease hepatic fibrosis and hepatic steatosis.

Edward Mixon was a daily user of heroin, taking one to two grams daily via IV into his nasal cavity. He also suffered from several serious medical conditions, including Chronic Obstructive Pulmonary Disease (COPD) Atrial fibrillation (A-Fib), high blood pressure and other cardiac problems.

The St. Bernard Parish Government had entered a Health Services Agreement between itself and CorrectHealth St. Bernard, LLC, to provide healthcare to inmates or detainees of the St. Bernard Parish Jail which was in effect at the time of Edward Mixon's incarceration and death. Pursuant to the Health Services Agreement, CorrectHealth St. Bernard, LLC, was responsible for providing on a regular basis all professional medical and mental healthcare including regularly scheduled sick call; nursing care; regular provider care; on-site emergency medical care; on-site medical records management, and other administrative support services. The contract entered between CorrectHealth and the St. Bernard Parish Government further delineates in detail the broad scope of medical services to be provided by CorrectHealth including nursing services, provider services, medication administration, pharmaceuticals and staff training.

Pursuant to the Health Services Agreement entered between the St. Bernard Parish Government and CorrectHealth St. Bernard, LLC, CorrectHealth acts as an independent contractor providing medical care to the inmates.

Upon intake to the St. Bernard Parish Prison, Edward Mixon was provided a comprehensive Medical Screening by CorrectHealth. Throughout his incarceration plaintiff's vitals were checked by CorrectHealth. On October 26, 2019, CorrectHealth administered the medications, Eliquis, Tudorza and Pressair, to Mr. Mixon. On October 27, 2019, CorrectHealth administered medications to Mr. Mixon which included medications for detox. On October 28, 2019, at approximately 9:07 a.m. the nurse employed by CorrectHealth dispensed medications

to Mr. Mixon which included medications for both his pre-existing conditions as well as for detox. Shortly after providing those medications to Mr. Mixon, at approximately 9:11 a.m. the nurse called him back to the medication cart to provide him with additional medications which had come in.

Mr. Mixon made no medical complaints to CorrectHealth or to any of the deputies in the prison.

At approximately 9:40 a.m. on October 28, 2019, a deputy stood in front of Mr. Mixon's cell and upon receiving no response immediately called a Code Blue seeking assistance for Mr. Mixon. The CorrectHealth nurses assessed Mr. Mixon and began CPR. Both the Fire Department and EMS responded, but Mr. Mixon was unable to be revived and died.

The defendant, Sheriff James Pohlmann, had no personal participation in the arrest or incarceration of Edward Mixon. Sheriff Pohlmann has been sued by the plaintiffs in his **official capacity only.**

CorrectHealth is the designated healthcare authority for the St. Bernard Parish Prison responsible for healthcare services in the prison and has the sole responsibility for all final medical judgments for inmate healthcare in the jail.

CorrectHealth as the designated healthcare authority is responsible for supervising and training of the medical personnel operating within the Sheriff's Office and has sole responsibility for all final medical judgments relating to inmate healthcare in the jail.

CorrectHealth as the designated healthcare authority is responsible for providing a health screening to offenders upon intake to the facility which includes inquiry into the current medications and use of alcohol or other drugs including need for possible detoxification.

CorrectHealth, as the designated healthcare authority, is responsible for the proper

management of pharmaceuticals in the prison.

Defendants assert that Sheriff Pohlmann is not the policymaker of the St. Bernard Parish Prison as to provision of medical care and treatment. That policymaker is CorrectHealth. The Health Services Agreement entered between the St. Bernard Parish Government and CorrectHealth clearly states that the Parish is charged by law with the responsibility for obtaining and providing reasonably necessary medical care for inmates or detainees of the St. Bernard Parish Jail. The St. Bernard Parish Government contracted with CorrectHealth St. Bernard, LLC to provide the following services:

> 1.2 **Scope of General Services.** The responsibility of COMPANY for the healthcare of an inmate commences with the commitment of an inmate to the FACILITY, COMPANY shall provide on a regular basis all professional medical and mental health care; regularly scheduled sick call; nursing care; regular provider care; on-site emergency medical care; on-site medical records management, and other administrative support services.

The defendant, Sheriff James Pohlmann, denies that he implemented or promulgated any policy that violated the constitutional rights of Edward Mixon. Defendant, James Pohlmann, further denies that he established any customs, policies or practices which in any way caused any deprivation of the rights of Edward Mixon.

The defendant, St. Bernard Parish Sheriff's Office, denies that it is a legal entity with the capacity to be sued.

The defendants deny that they in any way deprived Edward Mixon of any rights secured to him by the United States Constitution. The defendants contend that at all times they acted reasonably in light of the facts and circumstances confronting them. The defendants further deny that any claim asserted by the plaintiffs rises to the level of a constitutional tort.

They defendants deny that they exhibited deliberate indifference to the serious medical

needs of Edward Mixon. The defendants deny that they exhibited deliberate indifference to any serious risk of harm to Edward Mixon while he was incarcerated.

The defendants deny that they were in any way negligent in their actions toward Edward Mixon.

The defendants deny that they failed in any way to properly monitor Edward Mixon.

The defendants deny that they were in any way negligent in the training and/or supervision of any employees of the defendants.

The defendants deny that they committed any intentional tortious acts toward Edward Mixon. The defendants contend that at all times the actions of the deputies were reasonable, and the defendants acted in good faith with a reasonable belief in the lawfulness of their actions. Defendants contend that the death of Edward Mixon was not causally related to any action or inaction on the part of the defendants.

The defendants further deny that any damages or injuries incurred by plaintiffs are causally related to any action or inaction on the part of the defendants.

7.

**Uncontested Material Facts:**

1. St. Bernard Parish Sheriff's Office Policies and Procedures state that the designated healthcare authority, Correct Health, will be a licensed physician in the state of Louisiana and available on a 24-hour basis.

2. St. Bernard Parish Sheriff's Office Policies and Procedures state that it is the policy of the St. Bernard Parish Prison to have a written policy, procedure, and practice that requires all offenders receive a health screening by the healthcare authority Correct Health upon intake but there is no policy that the St. Bernard Parish Sheriff's Office receives a copy of that

intake form.

3.  Edward Mixon was arrested on October 24, 2019, for possession of heroin.

4.  Edward Mixon indicated on the intake sheet he completed that he was a 1-3 grams per day user of heroin.

5.  Edward Mixon indicated on his intake sheet that he took medications to treat several chronic conditions including COPD and AFIB.

6.  The intake sheet for Edward Mixon states that he had heart problems and an irregular heartbeat.

7.  The intake sheet flagged Edward Mixon as a chronic condition patient.

8.  The intake sheet indicated that Edward Mixon should be placed in general population.

9.  The intake sheet indicated that Edward Mixon had an irregular heartbeat and cardiac history.

10. The medical records state that Edward Mixon was not provided any medications on October 24, 2022.

11. The medical records state that Edward Mixon was not provided any medications on October 25, 2022.

12. The medical records show that Edward Mixon was placed on "mild benzo protocol narcotic protocol hold Vistaril" on October 27, 2019, four days after his arrest.

13. Edward Mixon died on the morning of October 28, 2019.

14. Defendant, Sheriff James Pohlmann, is sued in his official capacity only.

15. The St. Bernard Parish Government had entered a contract for Health Services Agreement between itself and CorrectHealth St. Bernard, LLC, to provide healthcare to inmates or detainees of the St. Bernard Parish Jail which was in effect at the time of Edward Mixon's

incarceration and death.

16. Pursuant to the Health Services Agreement entered between the St. Bernard Parish Government and CorrectHealth St. Bernard, LLC, CorrectHealth acts as an independent contractor providing medical care to the inmates.

17. The Health Services Agreement entered between the St. Bernard Parish Government and CorrectHealth states that the Parish is charged by law with the responsibility for obtaining and providing reasonably necessary medical care for inmates or detainees of the St. Bernard Parish Jail.

18. The contract entered between CorrectHealth and the St. Bernard Parish Government delineates in detail the broad scope of medical services to be provided by CorrectHealth including nursing services, provider services, medication administration, pharmaceuticals and staff training.

19. The policies of the St. Bernard Parish Sheriff's Office clearly designate CorrectHealth as the designated healthcare authority for the St. Bernard Parish Prison.

20. CorrectHealth as the healthcare authority is responsible for providing a health screening to offenders upon intake to the facility which includes inquiry into the current medications and use of alcohol or other drugs including need for possible detoxification.

21. The designated healthcare authority, CorrectHealth, is responsible for the proper management and administration of pharmaceuticals.

22. CorrectHealth was responsible for providing staffing, training, policies and procedures for all medical and mental health personnel at SBPJ.

23. CorrectHealth is responsible for hiring, training, supervising, disciplining and/or retaining the CorrectHealth employees and/or independent contractors.

24. CorrectHealth as the designated healthcare authority for the St. Bernard Parish Prison is responsible for supervising and training of the medical personnel operating within the Sheriff s Office.

25. The Death Certificate of Edward Mixon indicates that he died a natural death with the immediate cause of death being cardiorespiratory arrest due atherosclerotic cardiovascular disease hepatic fibrosis and hepatic steatosis. The underlying cause of death is listed as history of opiate withdrawal treated with suboxone chronic obstructive pulmonary disease obstructive sleep apnea asthma and chronic pain syndrome treated with subcutaneous boston scientific precision sprectra implant.

26. Upon intake into the St. Bernard Parish Prison, Edward Mixon was provided a medical screening by CorrectHealth.

27. Sheriff James Pohlmann had no personal participation or involvement in the arrest or incarceration of Edward Mixon.

28. Pursuant to the Health Services Agreement, CorrectHealth St. Bernard, LLC was responsible for providing on a regular basis all professional medical and mental health care including regularly scheduled sick call; nursing care; regular provider care; on-site emergency medical care; on-site medical records management and other administrative support services.

8.

**Contested Issues of Fact:**

1. The facts and circumstances of Mr. Mixon's death;

2. The nature and extent of any injuries sustained by Plaintiff as a result of the constitutional violations by the Defendants;

3. The quantum of recovery owed;

4. Whether the destruction and alteration of evidence entitles Plaintiffs to an adverse evidentiary presumption.

5. St. Bernard Parish Sheriff's Office Policies and Procedures regarding substance abuse state that the healthcare authority will immediately arrange for an offender to receive medical treatment if the offender appears to be in need.

6. The St. Bernard Parish Sheriff's Office failed to preserve the surveillance video footage from the first four days of Edward Mixon's incarceration.

7. Edward Mixon was never seen by a physician while incarcerated in the St. Bernard Parish Prison.

8. St. Bernard Parish Sheriff's Office Policies and Procedures state that it is the policy of the St. Bernard Parish Prison to provide for the delivery of health, dental and mental health services to its inmates and to provide the appropriate levels of health care and inmate access to health services.

9. CorrectHealth is responsible for policies, procedures and customs of the medical personnel of the SBPJ.

10. CorrectHealth had the responsibility and duty for the diagnosis, oversight, review, monitoring, supervision and evaluation of Edward Mixon's medical needs, the delivery of care to him, and the policies and procedures governing his medical treatment.

11. CorrectHealth is further responsible for policies, procedures and customs of the medical personnel of the St. Bernard Parish Prison.

12. CorrectHealth as the designated healthcare authority for the St. Bernard Parish Prison has the sole responsibility for all final medical judgments relating to inmate healthcare in the

jail.

13. Throughout his incarceration, plaintiff's vital signs were monitored by CorrectHealth.

14. On October 26, 2019, CorrectHealth administered the medications, Eliquis, Tudorza and Pressar to Mr. Mixon.

15. There are no pending state law claims against any defendant in this action.

16. Whether St. Bernard Parish Prisons failure to train jail employees and delegate the authority to authorize jail employees to perform limited medical tasks to Correct Health staff, namely licensed practical nurses is a policy that puts inmates health and safety at risk.

17. Whether defendants had a duty to preserve video when the first notice of anticipated litigation was not received by the defendants until after the video had been recorded over by virtue of the routine operation of the jail video system.

18. Whether defendants acted in bad faith in not preserving video of parts of Mr. Mixon's incarceration.

19. The facts and circumstances surrounding the incarceration of Edward Mixon from October 24, 2019, through October 28, 2019.

20. Whether plaintiff's death was caused by any action or inaction of the defendants.

21. Whether the defendants deprived Edward Mixon of any rights secured to him by the United States Constitution.

22. Whether the defendants acted reasonably in light of the facts and circumstances confronting them.

23. Whether the defendants acted in good faith with a reasonable belief in the lawfulness of their actions.

24. Whether any civil rights guaranteed to Edward Mixon by the United States Constitution

were violated by the defendants.

25. Whether the defendants were negligent in their actions toward Edward Mixon.

26. Whether the death of Edward Mixon was casually related to any action or inaction on the part of the defendants.

27. Whether any damages or injuries incurred by plaintiff are casually related to any action or inaction on the part of the defendants.

28. The nature and extent of the damages, if any, sustained by the plaintiffs.

29. Whether or not plaintiffs are entitled to punitive damages.

30. Whether or not plaintiffs are entitled to attorney fees.

31. Whether defendants had a duty to preserve video when the first notice of anticipated litigation was not received by the defendants until after the video had been recorded over by virtue of the routine operation of the jail video system.

32. Whether defendants acted in bad faith in not preserving video of parts of Mr. Mixon's incarceration.

33. Edward Mixon was never seen by a physician while incarcerated in the St. Bernard Parish Prison.

34. On October 27, 2019, CorrectHealth administered medications to Mr. Mixon which included medications for his pre-existing conditions as well as for detox.

35. On October 28, 2019, CorrectHealth administered medications to Edward Mixon which included medications for his pre-existing conditions as well as for detox.

9.

**Contested Issues of Law:**

1. If St. Bernard Parish Sheriff's Office or Correct Health is the policymaker for purposes of municipal liability pursuant to §1983 constitutional claim.

2. Whether plaintiffs' cause of action rises to the level of a constitutional tort.

3. Whether or not any action or inaction on the part of defendants proximately caused the death of Edward Mixon.

4. Whether any civil right guaranteed to Edward Mixon by the United States Constitution was violated by any of the defendants.

5. Whether plaintiff is entitled to attorney fees.

6. Whether plaintiff is entitled to punitive damages.

7. All those implicit in the foregoing issues of fact.

8. Whether defendants had a duty to preserve video when the first notice of anticipated litigation was not received by the defendants until after the video had been recorded over by virtue of routine operation of the jail video system.

9. Whether defendants acted in bad faith in not preserving video of the entire time of Mr. Mixon's incarceration.

10. Whether defendants failure to preserve video surveillance when an inmate dies in their custody during the course of an active investigation into the inmates death is bad faith.

11. Whether the defendants delegation of the investigation of a death in custody to a narcotics officer constitutes gross negligence.

12. Whether the delegation of the duty of selecting what portions of surveillance footage are relevant when investigating a death in custody to a narcotics officer constitutes gross

negligence.

13. Whether defendants had a duty to preserve video when the first notice of anticipated litigation was not received by the defendants until after the video had been recorded over by virtue of the routine operation of the jail video system.

14. Whether defendants acted in bad faith in not preserving video of the entire time of Mr. Mixon's incarceration.

10.

**Exhibit List:**

**A.  Plaintiffs Exhibit List:**

1. Incident Report of St. Bernard Parish Prison, PLS000168-000176;

2. Certified Correct Health Medical Records of Edward Mixon, PLS 000188-000424;

3. Surveillance Video of Edward Mixon on the date of his death, PLS 001134-001135; **Plaintiffs reserve the right to introduce the video and/or object to its introduction pursuant to the outcome of the hearing on Plaintiffs' Motion for an Adverse Evidentiary Presumption**

4. Kris Sperry's Expert Report, PLS 000443-000447; **Defendants object on the basis of hearsay and relevance.**

5. Photographs provided by St. Bernard Parish Prison showing Edward Mixon after his death, the medication chart and medications, PLS 001057-001123; **Defendants object on the basis of relevance and undue prejudice.**

6. Social Security Administration Records showing Edward and Karen Mixon's disability payments, PLS 000652-000657; **Defendants object on the basis of authenticity and relevance.**

7.  Dispatch records reporting Edward Mixon's death, PLS 000178-000187;

8.  St. Bernard Parish Prison's movement logs from October 24, 2019 through October 28, 2019, PLS 000658-001056;

9.  Louisiana Corrections Basic Jail Guidelines, PLS 000091-000105;

10. Audio Recordings of medical dispatch calling for assistance for Edward Mixon on October 28,2022, PLS 0001137;

11. St. Bernard Sheriff's Office Policies and Procedures; PLS 000121-000152;

12. Basic Jail Guidelines Monitoring Reports, PLS 000091-000105;

13. Autopsy Report and toxicology report of Edward Mixon, PLS 000074-000090;

14. Edward Mixon's death certificate, PLS 000438-000442;

15. St. Bernard Parish Prison Jail Phone Call Log during Edward Mixon's incarceration, PLS 000177;

16. Certified records from Healthy Solutions Pharmacy, PLS 001175-001179;

17. Autopsy Protocol of Dr. Cynthia Gardner, PLS 001138-001149;

18. Medical Records of Dr. Paul Verrette, PLS 001150-001164

19. Records of Dr. Bertucci, PLS 001165-001174;

20. St. Bernard Parish Prison contract with CorrectHealth St. Bernard, LLC, PLS 000110 – 000120;

21. Audio recordings of phone conversations of Edward Mixon from St. Bernard Parish Prison; PLS 001131;

22. Audio and video recording of interview of Edward McNeely; PLS 001132; **Defendants object on the grounds of hearsay and relevance.**

23. Audio and video recording of interview of Vicki Campo, PLS 001133; **Defendants object**

**on the grounds of hearsay and relevance.**

24. CJ-9 Forms reporting deaths in custody of inmates at the St. Bernard Parish Prison, PLS 000448-000451; **Defendants object on the grounds of authenticity, relevance and undue prejudice**

25. Pleadings introduced regarding the non-production of the video tape PLS000452; **Defendants object on the grounds of relevance.**

26. Any documents or evidence listed in any other party's exhibit list.

**B. Defendants:**

1. Arrest Report pertaining to arrest of Edward Mixon on 10/24/19 - defendant Nos. 000001 - 000009;

2. Booking Sheet pertaining to Edward Mixon - defendant No. 000010;11;

3. Suspect Rap Sheet photo of Edward Mixon - defendant No. 000011; **Plaintiffs object to the introduction of this evidence on the basis of relevance and prejudice.**

4. Records of CorrectHealth pertaining to Edward Mixon - defendant Nos. 000012000211;

5. Incident Report pertaining to death of Edward Mixon - defendant No. 000212000220;

6. Records of Dr. Cynthia Gardner pertaining to autopsy performed on Edward Mixon - defendant No. 000221-000233;

7. Records of Dr. Bryan Bertucci pertaining to his investigation of the death of Edward Mixon - defendant No. 000234-000268;

8. Death Certificate of Edward Mixon - defendant No. 000269-000270;

9. Medical records of Dr. Paul Verrette pertaining to Edward Mixon - defendant No.000271-000285;

10. Records of Acadian Ambulance pertaining to Edward Mixon (Call Nos. 0935, 1364 and

0232 - defendant Nos.000286-000312;

11. SBSO Corrections Medical Policies & Procedures IV-C-001 through IV-C-016; IV-D-001
    to 006 - defendant No. 000313-000344;

12. Call History of jail phone calls made by Edward Mixon - defendant No. 000345;

13. CD containing recordings of phone calls made from prison by Edward Mixon defendant
    No. 000346;

14. Jail Log Entries pertaining to Edward Mixon - defendant No. 000347-000359;

15. Thumb drive of jail video depicting Edward Mixon - defendant No. 000360; **Plaintiffs
    reserve their right to object to the introduction of the video basis the outcome of the
    hearing on Plaintiffs Motion for an Adverse Evidentiary Presumption**

16. Report of power outage at jail - defendant No. 000361; **Plaintiffs object to the
    introduction of this evidence based on relevance.**

17. Correspondence from George Recite regarding retention of documents pertaining to
    Edward Mixon and USPS tracking information - defendant No. 000362-000364;

18. Clothing Inventory and Acknowledgment Form signed by Edward Mixon - defendant No.
    000365; **Plaintiffs object to the introduction of this evidence based on relevance.**
    Louisiana Depailrnent of Public Safety & Corrections Basic Jail Guidelines Monitoring
    Reports from 2015 to 2019 - defendant No. 000366-000431;

19. Louisiana Department of Public Safety & Corrections Basic Jail Guidelines monitoring
    reports from 2015 to 2019 - defendant #000366-000431;

20. CD of interview with Vickie Campo - defendant No. 000432, for impeachment purposes;

21. CD of interview of Edward McNeely - defendant No. 000433, for impeachment purposes;

22. Call Detail Report of SBSO Communications Division pertaining to call for ambulance to

jail for Edward Mixon - defendant No. 000434-000437;

23. CD containing recording of call #019037823 regarding ambulance call for Edward Mixon - defendant No. 000438;

24. SBSO Communications records pertaining to Deputy Report for Incident #1910-3694 pertaining to Edward Mixon - defendant No. 000439-000447;

25. CD containing recordings of Communications Main Dispatch regarding Edward Mixon - defendant No. 000448;

26. Amendment No. 2 to Contract for Health Services Agreement between St. Bernard Parish Government and CorrectHealth St. Bernard, LLC - defendant No. 000449000451;

27. Health Services Agreement between St. Bernard Parish Government and CorrectHealth St. Bernard, LLC - defendant No. 000452-000463; and

28. Any exhibit listed or sought to be introduced by any other party.

11.

**Deposition Transcripts:**

**A. Plaintiffs:**

Plaintiffs intend to call all witnesses live but reserve the right to use the deposition testimony of any unavailable witness.

**B. Defendants:**

Defendants intend to call all witnesses live, but reserve the right to use the deposition testimony of any witness who is unavailable for trial or who resides outside of the subpoena power of the Court.

13.

**WITNESSES:**

The Witness List for both Plaintiffs and Defendants were filed in accordance with the Court Order.

**A.  Plaintiff:**

**WILL CALL:**

1.  Karen Roberts Mixon, individual plaintiff in this matter;

2.  Lindsey Elaina Mixon, individual plaintiff in this matter;

3.  Kris Sperry, Expert Witness who will testify that the failure to provide Mr. Mixon with any medical intervention to assist with his opiate withdrawal, which was clearly documented superimposed upon his documented pre-existing conditions caused his unnecessary death while incarcerated at the St. Bernard Parish Jail.

**MAY CALL:**

1.  James Pohlmann, Sheriff of St. Bernard Parish, c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043, facts and circumstances surrounding the alleged incident; policies and procedures of the St. Bernard Parish Sheriff's Office;

2.  Sgt. Jessie Gernados, Fact Witness; c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043facts and circumstances surrounding the alleged incident and investigation of Edward Mixon's death; she will also testify concerning the tape that was recorded as part of her investigation;

3.  Kevin Sensebe, c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043Warden of St. Bernard Parish Prison; facts and circumstances surrounding the alleged incident; policies and procedures of the St. Bernard Parish Sheriff's Office;

4. Justin Meyers, Deputy Warden of St. Bernard Parish Prison; c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043, facts and circumstances surrounding the alleged incident; policies and procedures of the St. Bernard Parish Sheriff's Office; facts and circumstances surrounding the jail surveillance system;

5. Jean Llovet, c/o Correct Health, c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances regarding the incident sued upon and medical treatment of Edward Mixon and policies and procedures of CorrectHealth, fact witness;

6. Dr. Bryan Bertucci, coroner at the time of the incident, 8050 West Judge Perez Drive, Chalmette, Louisiana 70043, facts and circumstances surrounding his investigation of the cause of death of Edward Mixon;

7. Nurse Donna Baker, c/o Correct Health c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances surrounding the medical treatment provided to Edward Mixon.

8. Nurse Audrey Lewis, c/o Correct Health c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances surrounding the medical treatment provided to Edward Mixon

9. Nurse Keshonka Rucker,c/o Correct Health c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances surrounding the medical treatment provided to Edward Mixon.

10. Stefanie Bisesi, c/o Correct Health c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances surrounding the medical treatment provided to Edward Mixon

11. Dr. Cynthia Gardner, fact witness; Orleans Parish Coroner's Office, 3001 Earhart

Boulevard, New Orleans, Louisiana 70125; facts and circumstances pertaining to the autopsy performed on Edward Mixon

12. Detective Jeff Vega, do St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

13. Major Mark Jackson, c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

14. Colonel Chad Clark, c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

15. Detective E. Delery, do St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

16. Lt. Rob Garofalo, c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

17. Captain Chad Silcio, c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon.

18. Captain Adrian Chalona, c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon; policies and procedures of the St. Bernard Parish Sheriffs Office.

19. Deputy Lambert, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

20. Agent Saltalmachia, do St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the arrest of Edward Mixon.

21. Edward McNeely, inmate, facts and circumstances pertaining to the incident and the lack

of treatment offered to Mr. Mixon and the condition of Mr. Mixon during his incarceration;

22. Dr. Paul Verrette, fact witness, Edward Mixon's treating physicians;

23. Custodian of Records, CorrectHealth St. Bernard, LLC;

24. Custodian of Records, St. Bernard Parish Sheriff's Office;

25. Custodian of Records, St. Bernard Parish Prison; c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043.

26. Any witness necessary to authenticate exhibits, documents, or records produced during discovery or listed as an exhibit by any party or needed to be introduced at trial;

27. Any witness necessary for impeachment purposes and/or to rebut the testimony of any witness;

28. Any witness deposed or who becomes known as a result of ongoing discovery; and

29. Any witness listed or any witness called by any other party.

30. Any witness deposed or who becomes known as a result of ongoing discovery.

31. Any witness listed or called by any other party.

Rebuttal witnesses are not listed herein, but Defendant reserves the right to call unlisted witnesses in the rebuttal portion of this case.

**B. Defendants:**

Defendants may call the following witnesses:

1. Sheriff James Pohlmann, do St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances surrounding the alleged incident; Policies and procedures of the St. Bernard Parish Sheriff's Office.

2. Detective Jesse Gernados, do St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

3. Detective Jeff Vega, do St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

4. Major Mark Jackson, c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

5. Colonel Chad Clark, c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

6. Detective E. Delery, do St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

7. Lt. Rob Garofalo, c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

8. Deputy Lambert, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

9. Nurse Donna Baker, do Correct Health, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances regarding incident sued upon and medical treatment provided to Edward Mixon; policies and procedures of CorrectHealth.

10. Nurse Audrey Lewis, do Correct Health, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances regarding incident sued upon and medical treatment provided to Edward Mixon; policies and procedures of CorrectHealth.

11. Nurse Keshonka Rucker, do Correct Health, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances regarding incident sued upon and medical treatment provided to Edward Mixon; policies and procedures of CorrectHealth.

12. Nurse Courtney Lewis, do Correct Health, do St. Bernard Parish Prison, 1900 Paris Road,

Chalmette, Louisiana 70043. Facts and circumstances regarding incident sued upon and medical treatment provided to Edward Mixon; policies and procedures of CorrectHealth.

13. Stefanie Bisesi, do Correct Health, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances regarding incident sued upon and medical treatment provided to Edward Mixon; policies and procedures of CorrectHealth.

14. Jean Llovet, do Correct Health, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances regarding incident sued upon and medical treatment provided to Edward Mixon; policies and procedures of CorrectHealth.

15. Sergeant Scandariato, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

16. Sergeant Wayne Babin, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

17. Deputy Manint, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

18. Colonel Kevin Sensebe, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon; policies and procedures of the St. Bernard Parish Sheriff's Office.

19. Deputy Ricks, do St. Bernard Parish Prison, 1900 Pads Road, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

20. Captain Dennis Morgan, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

21. Deputy Keith Hood, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043. Facts and circumstances pertaining to the incident sued upon.

22. Representative of St. Bernard Fire Department.

   Identity and address unknown at this time. Facts and circumstances surrounding the

   incident sued upon and their medical efforts regarding Edward Mixon.

23. Acadian EMT Waguespak, c/o Acadian Ambulance, 130 East Caliste Saloom Road,

   Lafayette, Louisiana. Facts and circumstances surrounding the incident sued upon and

   medical treatment rendered to Edward Mixon.

24. Acadian EMT Touchstone, c/o Acadian Ambulance, 130 East Caliste Saloom Road,

   Lafayette, Louisiana. Facts and circumstances surrounding the incident sued upon and

   medical treatment rendered to Edward Mixon.

25. Dr. Bryan Bertucci, Coroner at time of incident. 8050 West Judge Perez Drive, Chalmette,

   Louisiana 70043; expert witness. Facts and circumstances pertaining to his investigation

   of the cause of death of Edward Mixon.

26. Dr. Paul Verrette, 8050 West Judge Perez Drive, Chalmette, Louisiana 70043. Facts and

   circumstances pertaining to his medical treatment of Edward Mixon.

27. Vicky Campo - Inmate - Facts and circumstances surrounding the arrest of Edward Mixon

   and his drug use.

28. Edward McNeely - Inmate - Facts and circumstances pertaining to the incident sued upon.

29. Agent Saltalmachia, do St. Bernard Parish Sheriff's Office, #2 Courthouse Square,

   Chalmette, Louisiana 70043. Facts and circumstances pertaining to the arrest of Edward

   Mixon.

30. Deputy J. Edwards, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana

   70043. Facts and circumstances surrounding the incident sued upon.

31. Deputy Preveau, do St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette,

Louisiana 70043. Facts and circumstances surrounding the incident sued upon.

32. Dr. Cynthia Gardner - Pathologist, Orleans Parish Coroner's Office, 3001 Earhart Boulevard, New Orleans, Louisiana 70125; expert witness. Facts and circumstances pertaining to the autopsy she performed on Edward Mixon.

33. Karen Mixon - Facts and circumstances surrounding the incident sued upon.

34. Lindsey Mixon - Facts and circumstances surrounding the incident sued upon.

35. Assistant Warden Justin Meyers, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon; policies and procedures of the St. Bernard Parish Prison; facts and circumstances surrounding the jail surveillance cameras and system.

36. Dr. Carlo Musso, c/o CorrectHealth, 3384 Peachtree Rd., NE, Suite 700, Atlanta, Georgia 30326 - Policies and procedures of CorrectHealth; facts and circumstances surrounding medical treatment rendered to Edward Mixon while incarcerated.

37. Deputy J. Martin, do St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon.

38. Sgt. Auderer, c/o St. Bernard Parish Sheriff's Office, #2 Courthouse Square, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon.

39. Captain Chad Silcio, c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon.

40. Captain Adrian Chalona, c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon; policies and procedures of the St. Bernard Parish Sheriffs Office.

41. Dr. Phillip Nowlin, c/o CorrectHealth, 3384 Peachtree Rd., NE, Suite 700, Atlanta,

Georgia 30326 - Medical Expert; Facts and circumstances regarding incident sued upon and medical treatment provided to Edward Mixon; policies and procedures of CorrectHealth.

42. Juanita Alexander-Sallier, do CorrectHealth, 3384 Peachtree Rd., NE, Suite 700, Atlanta, Georgia 30326 - Facts and circumstances pertaining to the medical treatment of Edward Mixon; policies and procedures of CorrectHealth.

43. Joyce Brown, c/o CorrectHealth, 3384 Peachtree Rd., NE, Suite 700, Atlanta, Georgia 30326 - Facts and circumstances regarding incident sued upon and medical treatment provided to Edward Mixon; policies and procedures of CorrectHealth.

44. Deputy D. Elder, c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon.

45. Deputy Clomburg, c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon.

46. Deputy A. Arnona, c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon.

47. Deputy E. Mojica, c/o St. Bernard Parish Prison, 1900 Paris Road, Chalmette, Louisiana 70043 - Facts and circumstances pertaining to the incident sued upon.

48. Any witness listed or sought to be called by any other party.

14.

**Jury Trial Instructions and damages sought:**

This case is a jury case. The jury trial is applicable to all aspects of the case. Counsel will prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The issue of liability will not be tried separately

from that of quantum.

17.

**Trial Date(s):**

      The trial shall commence on August 1, 2022, at 9:00a.m. and last approximately three days.

18.

**Statement on Pre-Trial Order:**

      This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity for the respective parties have been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

19.

**Settlement:**

      The possibility of settlement of this case was considered.

      Respectfully Submitted,

      CHEHARDY, SHERMAN, WILLIAMS,
      RECILE & HAYES, L.L.P.

      /s/ George B. Recile
      **George B. Recile, L.B.N. 11414**
      **Anna M. Singleton, L.B.N. 40050**
      One Galleria Boulevard, Suite 1100
      Metairie, Louisiana   70001
      Telephone:    (504) 833-5600
      Facsimile:    (504) 437-1650
      *Attorneys for Plaintiff*
      gbr@chehardy.com
      asingleton@chehardy.com

Respectfully Submitted,


GUTIERREZ & HAND


_/s/ Mary Ann Hand_____
Mary Ann Hand L.B.N. 1401
Salvador E. Gutierrez, Jr. L.B.N. 6380
2137 Jackson Boulevard
Chalmette, Louisiana 70043
Telephone:     (504) 833-5600
Facsimile:     (504) 437-1650
*Attorneys for Defendants*
gutierrezhand@bellsouth.net



New Orleans, Louisiana, this _____ day of _____, 2022.


_____

**UNITED STATES DISTRICT JUDGE SUSIE MORGAN**